UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GESTAMP WASHTENAW, LLC, *et al.*,

    Plaintiffs,

v.

LINCOLN ELECTRIC AUTOMATION, INC.,

    Defendant.

Case No. 21-cv-12714
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE BRIEF (ECF No. 22); (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 9); AND (3) STAYING THIS ACTION**

On November 19, 2021, Plaintiffs Gestamp Washtenaw, LLC and Gestamp North America, Inc. (collectively, "Gestamp") filed this declaratory judgment action against Defendant Lincoln Electric Automation, Inc. (*See* Compl., ECF No. 1.) Gestamp seeks, among other things, a declaratory judgment that it is the co-owner of certain software code. (*See id.*)

Lincoln Electric has now moved to dismiss Gestamp's Complaint.[1] (*See* Mot. to Dismiss, ECF No. 9). In the motion to dismiss, Lincoln Electric argues that Gestamp's Complaint in this Court is barred by the "first to file" rule "because the

---

[1] Lincoln Electric has also filed a motion for leave to file a response brief in further support of its motion to dismiss. (*See* Mot., ECF No. 22.) That motion is **GRANTED**.

1

claims asserted [in this action] arise from the same set of operative facts at issue" in an earlier-filed action that is pending between the parties in the United States District Court for the Northern District of Ohio, N.D. Ohio Case No. 20-cv-2433. (*Id.*, PageID.34.)  Lincoln Electric further argues that Gestamp's claims here were compulsory counterclaims in the Ohio action under Federal Rule of Civil Procedure 13(a)(1). (*See id.*)

The Court held a hearing on Lincoln Electric's motion on April 25, 2022, and it **GRANTS** the motion **IN PART** and **DENIES** it **IN PART**.  For the reasons explained on the record, the Court concludes that Lincoln Electric has satisfied the elements of the first-to-file rule and that the first-to-file rule therefore applies in this action. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (describing elements).  As further described on the record, the Court also concludes that the proper exercise of its discretion is to **STAY** this action pending either (1) a resolution of the Ohio action or (2) some other occurrence in the Ohio action that makes the resumption of this action appropriate.  Either party may file a motion to lift the stay upon the occurrence of one of the two options identified above.

    **IT IS SO ORDERED**.

Dated:  April 25, 2022

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126